**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**


EHSAN MOHAMAD OUZA,

     Plaintiff,

v.                                                          CASE NO:
                                                           HONORABLE:

CITY OF DEARBORN HEIGHTS
and JORDAN DOTTOR, in his individual and official capacity,

     Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT
OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT

## COMPLAINT AND JURY DEMAND

     **NOW COMES** Plaintiff, **EHSAN MOHAMAD OUZA**, by and through her

attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint

against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

2. Defendant City of Dearborn Heights is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. That individually-named Defendant, Jordan Dottor, is and/or was a police officer employed by the City of Dearborn Heights Police Department, and was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

4. All events giving rise to this lawsuit occurred in the City of Dearborn Heights, County of Wayne, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.  Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on December 18, 2014, Plaintiff was at her home located at 20615 Brooklawn Drive, Dearborn Heights, MI 48127.

10. At approximately 8:05 a.m. Defendant Dotter was dispatched to Plaintiff's home for a family trouble call.

11. When Defendant Dotter arrived at Plaintiff's residence, he was met by Plaintiff and her daughter.

12. Plaintiff advised Defendant Dotter that her son was in the process of moving a cabinet when he became upset and pushed her and was on drugs.

13. Defendant Dotter checked the area for Plaintiff's son which resulted in negative results.

14. Defendant Dotter than left and provided Plaintiff and her daughter with a victim's rights card.

15. Plaintiff's ex-husband had come to the residence unexpected because Plaintiff had called the police on their son earlier in the day

16. Plaintiff has a PPO issued against her ex-husband and he is not allowed to be on or near Plaintiff's residence.

17. Plaintiff's ex-husband came to Plaintiff's residence and was banging on the door and Plaintiff's daughter eventually let him in without Plaintiff knowing.

18. Plaintiff and her ex-husband got into an argument because he is not supposed to be in the home and Plaintiff ended up biting her ex-husband on the arm for him to get away from her.

19. Plaintiff then tried to hit her ex-husband with a plastic hanger which was already broke laying in the floor in self-defense.

20. At approximately 9:55 a.m., Defendant Dotter arrived at Plaintiff's residence a second time for a family trouble call.

21. Defendant Dotter told Plaintiff they received a phone call and that Plaintiff bit her ex-husband and hit him with a stick.

22. Plaintiff stated that she slightly tapped her ex-husband with the hanger which was already broken.

23. Defendant Dotter falsely arrested Plaintiff and charged her with domestic violence.

24. After being handcuffed, Plaintiff complained that the cuffs were too tight and they needed to be loosened.  Plaintiff repeatedly asked Defendant Dotter to loosen the cuffs, however, Defendant Dotter refused to loosen the cuffs and turned up the radio in the patrol vehicle so he couldn't hear her requesting same.

25. That as a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

**COUNT I-**
**FALSE ARREST/FALSE IMPRISONMENT**

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. That Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause by fabricating evidence against Plaintiff.

28. That Defendants did cause Plaintiff to be held against her will and/or imprisoned without any legal justification and/or probable cause.

29. Defendants restricted Plaintiff's liberties against her will.

30. Defendants' actions were without legal justification and/or probable cause.

31. As a result of Defendants' actions, Plaintiff suffered injuries and damages.

32. Defendants' actions were so egregious and so outrageous that Plaintiff's

damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE

33. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

35. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights to the United States Constitution.

36. Defendant acted unreasonably and failed in his duties when he unlawfully entered Plaintiff's residence and falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

37. Defendant acted under color of law and is not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

38. Defendant's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of their constitutional rights.

39. Due to Defendant's actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

<u>**COUNT III**</u>
<u>**VIOLATION OF THE FOURTH AMENDMENT**</u>
**42 <u>U.S.C. § 1983— EXCESSIVE FORCE/HANDCUFFING</u>**

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily

security without due process of law and to be free from unreasonable searches and seizures and excessive force.

42. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiffs' Fourth Amendment rights to the United States Constitution.

43. That Defendant violated Plaintiff's rights as secured by the Fourth Amendment to the United States Constitution by unlawfully seizing Plaintiff in using excessive force during the course of the arrest of Plaintiff.  Specifically, Defendant excessively tightened the handcuff he placed on Plaintiff and failed to loosen the handcuffs after Plaintiff complained thereby causing injury to Plaintiff's wrists.

44. Defendant's acts were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

45. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

46. As a proximate result of Defendant's violations and/or deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

<u>COUNT IV</u>
**<u>CITY OF DEARBORN HEIGHTS CONSTITUTIONAL VIOLATIONS</u>**

47. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48. Defendant City of Dearborn Heights acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

49. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

9

    c.  Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d.  Failing to supervise, review, and/or discipline police officers whom Defendant City of Dearborn Heights knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e.  Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

50. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

51. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

52. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com

Dated:  December 12, 2016
CJT/sls

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**


EHSAN MOHAMAD OUZA,

     Plaintiff,

v.                             CASE NO:
                                   HONORABLE:

CITY OF DEARBORN HEIGHTS
and JORDAN DOTTOR, in his individual and official capacity,

     Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | |
| --- | --- |
| CHRISTOPHER J. TRAINOR (P42449) AMY J. DEROUIN (P70514) Attorneys for Plaintiff 9750 Highland Road White Lake, MI 48386 (248) 886-8650 amy.derouin@cjtrainor.com | |


**<u>DEMAND FOR TRIAL BY JURY</u>**

1

**NOW COMES** Plaintiff, **EHSAN MOHAMAD OUZA**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com

Dated:  December 12, 2016
CJT/sls