# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EHSAN MOHAMAD OUZA,

   Plaintiff,

v.

CITY OF DEARBORN HEIGHTS, JORDAN DOTTOR, and GENE DERWICK

   Defendants.

Case No. 16-14331
Hon. Terrence G. Berg

## ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 54(b) CERTIFICATION (ECF NO. 42)

Plaintiff Ehsan Ouza sued Defendants City of Dearborn Heights, Officer Jordan Dottor, and Officer Gene Derwick, pursuant to 42 U.S.C. § 1983, for allegedly violating her constitutional rights. Specifically, Plaintiff argued that Defendants violated her right to be free from unlawful arrest, unreasonable searches and seizures, and excessive force. Plaintiff also argued that Dearborn Heights unlawfully failed to train its police officers on proper use of handcuffs and establishment of probable cause. On January 28, 2019, the Court granted Defendants' Motion for Summary Judgment in part, finding that the individual officers had qualified immunity from the alleged violations of Plaintiff's rights on the unlawful arrest (Count

1

I) ground. ECF No. 37. The Court also granted Defendants summary judgment on the unreasonable search and seizure (Count II) and municipal liability (Count IV) claims, finding that no reasonable jury could find for Plaintiff. *Id*. The Court denied Defendants summary judgment on Plaintiff's excessive force claim (Count III). *Id*.

Defendants exercised their right to interlocutory appeal of this Court's denial of summary judgment on Count III. Notice of Appeal, ECF No. 40. Plaintiff filed a Motion for Certificate of Appealability, seeking to appeal the claims on which the Court granted summary judgment to Defendants. ECF No. 42. Defendants responded indicating they have no objection to certifying Counts I, II, and IV for appealability. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

I.  **Standard of Review**

Generally, an order disposing of some, but not all, claims in a case is not a final judgment and therefore not appealable. Fed. R. Civ. P. 54(b) outlines the exception to this rule:

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims

2

> or parties only if the court expressly determines that there is no just reason for delay.

"Proper certification under Rule 54(b) is a two-step process." *Planned Parenthood Southwest Ohio Region v. Dewine*, 696 F.3d 490, 500 (6th Cir. 2012). First, the Court must determine whether an action has more than one claim or party—and whether the Court's Order disposes of fewer than all the claims or parties. *Id.* Second, the Court engages in a balancing test to find whether there is no just reason for delaying entry of a final judgment. *Id.* at 503 (citing *Corrossioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

## II. Analysis

The Court's January 28, 2019 Order disposed of three of four counts of Plaintiff's Complaint. These three counts are separate from the fourth. And under the *Corrossioneering* factors, there is no just reason to delay entry of a final judgment as to the three counts on which the Court granted Defendants summary judgment.

### a. Multiple claims or multiple parties

While "there is no 'generally accepted test' for determining what constitutes" multiple claims in a case, the Sixth Circuit "has traditionally applied the 'operative facts' test." *Id.* at 500 (internal citations omitted). The operative facts test treats a claim as "the aggregate of operative facts which give rise to a right enforceable in the

courts even if the party has raised different theories of relief." *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). If two different theories of relief rest on proving substantially the same facts, those theories of relief are not separate claims for purposes of Rule 54(b), though they may be separate counts in a complaint. The four counts in Plaintiff's Complaint relate broadly to her arrest on December 18, 2014. But each count seeks relief on a different set of operative facts.

First, adjudication of Plaintiff's false arrest claim depends on the facts and circumstances available to the officers that did or did not[1] establish probable cause to arrest her. *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). The aggregate operative facts for this claim include witness statements, the officers' interview with Plaintiff, and their observations at the scene, among others. Second, Plaintiff's unlawful search and seizure claim relies on facts about express or implied consent to enter Plaintiff's home. *Smith v. City of Wyoming*, 821 F.3d 697, 709 (6th Cir. 2016). Third, Plaintiff's excessive force claim is based on facts about her complaints to the Defendants about handcuffs being too tight, Defendants' alleged failure to loosen them, and the injuries she sustained as a result. *Morrison v.*

---

[1] The Court's January 28, 2019 Order found that the facts and circumstances within the officers' knowledge did *not* establish probable cause to arrest Plaintiff, but that the contours of the specific right in Plaintiff's circumstance was not clearly established. Therefore, the officers were entitled to qualified immunity.

4

*Bd. of Trustees of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009). Finally, Plaintiff's municipal liability claim relies on facts about officer supervision and training. *Canton v. Harris*, 489 U.S. 378, 385 (1989).

While Plaintiff's claims arise out of her arrest in 2014, all four rely on different aggregate sets of operative facts to show her entitlement to relief. Therefore, the Court's January 28, 2019 Order granted summary judgment to Defendants on three out of four distinct claims, satisfying the first prong of the 54(b) test.

**b. No just reason to delay entry of final judgment**

Next the Court must determine whether there is any just reason for delaying entry of a final judgment as to some of the claims. The factors the Court considers include:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrossioneering*, 807 F.2d at 1283.

First, examining the relationship between the adjudicated and unadjudicated claims yields the conclusion that they are distinct from one another. Second, there is no possibility that the need for review will be mooted by future developments in the district court—Defendants' appeal of the Court's Order denying them summary judgment on Plaintiff's one remaining claim means that the rest of the case will not move forward in this Court regardless of the disposition of Plaintiff's 54(b) motion. Third, the possibility that the Sixth Circuit might be obliged to consider the same issue a second time is remote, and not foreclosed by denying 54(b) certification because the Circuit must consider Defendants' entitlement to qualified immunity at this juncture in any event. Fourth, there is no claim or counterclaim which could result in a set-off against the judgment sought to be made final.

Finally, the miscellaneous factors cut in favor of Rule 54(b) certification. Allowing the Sixth Circuit to consider all the legal issues in Court's January 28, 2019 Order at the same time conserves judicial resources. Courts in the Eastern District of Michigan routinely grant 54(b) certification where an order grants in part and denies in part summary judgment based on qualified immunity. *E.g. Thames v. City of Westland*, No. 16-cv-14130, 2018 U.S. Dist. LEXIS 101294 (E.D. Mich. Jun. 18, 2018); *Marcilis v. Redford Twp.*, No. 09-cv-11624, 2011 U.S. Dist. LEXIS 6855 (E.D. Mich. Jan. 25,

2011). The Sixth Circuit has found no just reason to delay entry of final judgment in § 1983 cases where defendants who were denied qualified immunity exercised their right to interlocutorily appeal that denial. *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 357 (6th Cir. 2016).

The *Corrossioneering* factors weigh in favor of certification of a final judgment pursuant to Rule 54(b).

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for 54(b) Certification, ECF No. 42, is **GRANTED**. The Clerk of the Court is **ORDERED** to enter final judgment in Defendants' favor as to Counts I, II, and IV of Plaintiff's Complaint, as set forth in the Court's January 28, 2019 Order.

**SO ORDERED.**

Dated: April 2, 2019    s/Terrence G. Berg
                        TERRENCE G. BERG
                        UNITED STATES DISTRICT JUDGE

**Certificate of Service**

  I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 2, 2019.

          s/A. Chubb
          Case Manager